ISHEE, J.,
dissenting:
¶ 33. I respectfully dissent from the majority’s opinion. I find the trial court abused its discretion by failing to provide Lowe with an expert in the field of computer forensics, which rendered the trial fundamentally unfair. Therefore, I would reverse and remand the case for further proceedings.
¶ 34. In Ake v. Oklahoma, 470 U.S. 68, 77, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), the United States Supreme Court addressed the question of “whether, and under what conditions, the participation of a psychiatrist is important enough to [the] preparation 'of a defense to require the State to provide an indigent defendant with access to competent psychiatric assistance in preparing the defense.” The Supreme Court held that where the defendant’s sanity at the time of the offense is a significant factor at trial, the State should provide the defendant with access to a psychiatrist. Id. at 83, 105 S.Ct. 1087. The Supreme Court also announced three factors relevant to the determination of whether the State should provide an indigent defendant with an expert to assist in the preparation of the defense. Id. at 77, 105 S.Ct. 1087. Those factors are: (1) “the private interest that will be affected by the action of the State”; (2) “the [State’s] interest that will be affected if the safeguard is to be provided”; and (3) “the probable value of the additional or substitute procedural safeguards that are sought, and the risk of an erroneous depri-vátion of the affected interest if those safe- / guards are not provided.” Id.
¶ 35. The private interest affected by the action of the State generally favors the accused. As the .Supreme Court noted in Ake, “[t]he private interest in the accuracy of a criminal proceeding that places an individual’s life or .liberty at risk is almost uniquely compelling.” Id. at 78, 105 S.Ct. 1087, Furthermore, “[t]he interest of the individual in the outcome of the State’s effort to overcome the presumption of innocence is obvious and weighs heavily in our analysis.” Id. This reasoning applies to the instant case and weighs heavily in Lowe’s favor..
¶ 36. When discussing the government interest affected,, the Supreme Court has *770 held: “[I]t is difficult to identify any interest of. the State, other than 'that in its economy, that, .weighs against recognition of this right.” Id. at 79, 105 S.Ct. 1087. Under the second factor, the Supreme Court concluded that “the governmental interest in denying [the defendant] the assistance of [an expert] is not substantial[ ] in light of the compelling interest of both the State and the individual in accurate dispositions.” Id, These same interests are relevant to our current inquiry; therefore, I find this factor also favors Lowe. .
¶37. Finally, this Court must review the probable value of a defense expert, and the risk of error in the proceeding if such assistance is not provided. Here, the State’s. entire ease hinges on who downloaded the pornographic material. Thus, the State’s case centers around evidence found on-the computer’s hard drive, which was a'significant factor at trial. Upon' a review of the evidence presented at trial, it is appárent that the State’s computer forensics expert was the only witness to connect, Lowe to the crime at hand. Lowe’s employer, Claxton, never saw him with a computer at work. Lowe’s friend and former roommate, Taylor, testified that she never saw Lowe download pornography. She also stated he never' acted suspiciously regarding the computer and never prevented anyone from using the computer. Accordingly, the crux of the State’s case was Thomas’s testimony that the culprit used the log in name “Muzic-mán” to download the material, a name Lowe often used to log into the computer. Thomas also stated there were several internet connections surrounding Lowe’s place of employment from which he could have downloaded the material while at work. Because the State’s case revolved around Thomas’s testimony, I find it was necessary for Lowe to have a computer forensics expert in order to rebut the State’s expert.
¶ 38. Furthermore, there is a 'significant risk of error in failing to provide Lowe the requested defense expert. Various individuals had access to the computer; the computer was not recovered from Lowe’s possession; and a question of fact existed as to whether Lowe or another individual downloaded the content; The State’s expert even admitted that an individual other than Lowe could have downloaded the material. Thus, the content was subject to interpretation, and there was a high risk of inaccuracy when only one witness, the State’s expert, had evaluated the evidence. As such, I find the final Ake factor also weighs in Lowe’s favor.
¶39.- The Mississippi Supreme Court addressed the issue of when a defense expert should be provided in Fisher v. City of Eupora, 587 So.2d 878, 883 (Miss.1991), The supreme court stated: “this Court has not interpreted Ake to mean that an-expert must be supplied any time an indigent defendant requests one.” Fisher, 587 So.2d at 883. However, the supreme court also reasoned that “there can conceivably be instances when the [S]tate[,] in fairness[,] should be required to pay the cost of an expert needed by the defense to insure a fair trial for an indigent ae-eused[.]” Id. Accordingly, the supremo court identified the following factors to consider in determining whether the defendant was denied the right to a fair trial by the trial court’s failure to provide an expert: (1) “the degree of access the defendant has to the [S]tate’s experts,”.®) “whether those experts were available for rigorous cross-examination,” and (3) “the lack of prejudice or incompetence on the part of the [S]tate’s experts.” Id. (citing Johnson v. State, 476 So.2d 1195, 1208 (Miss.1985)).
*771 ¶ 40. While it' is undisputed that Lowe had access to Thomas, the State’s expert, without a separate defense expert, Lowe was unable to determine what questions should be- asked and what information or evidence should be elicited to aid in his defense. This same - argument applies to the second prong of Fisher, which requires that the expert be available for a rigorous cross-examination. While the defense undeniably had an opportunity to cross-examine Thomas at trial, without an expert to assist in the preparation, the cross-examination was not meaningful and, thus, not adequate. Finally, although there is no clear proof establishing bias on Thomas’s part, he worked closely with the State, even driving to Lowe’s former place of employment with a sheriffs department officer to find surrounding internet connections. He was also the State’s only witness connecting Lowe to the crime. Although these reasons may not be sufficient to unequivocally find that Thomas was prejudiced against Lowe, I maintain that the first two factors favor Lowe. Accordingly, under the Fisher analysis, I would conclude the State should have provided Lowe with a computer forensics expert.
¶ 41. Based on the foregoing reasons,. I would find that the trial court abused its discretion by failing to provide Lowe.with an expert in the field of computer forensics, and that the failure to provide Lowe with the expert rendered the trial fundamentally unfair. Accordingly, I would reverse and remand the case for further proceedings consistent with this opinion.
GRIFFIS, F.J., AND RUSSELL, J., JOIN THIS OPINION. .